**Electronically Filed
Intermediate Court of Appeals
29469
22-OCT-2012
08:25 AM**

NO. 29469

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
ERIN ACKERMAN, Defendant-Appellant.


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-CR. NO. 07-1-217K)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley, and Ginoza, JJ.)

Defendant-Appellant Erin Ackerman (Ackerman) appeals from the October 28, 2008 Judgment filed in the Family Court of the Third Circuit (family court).[1] The family court convicted Ackerman of Abuse of Family or Household Member, in violation of Hawai'i Revised Statutes (HRS) § 709-906 (Supp. 2011).

Ackerman's single point of error is that insubstantial and/or insufficient evidence was presented to the family court, such that it could not support a conclusion that Ackerman was a "family or household member" for purposes of HRS § 709-906(1).

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised therein, we resolve Ackerman's point on appeal as follows.

---

[1] The Honorable Jeanne L. O'Brien presided at the trial.

Ackerman was convicted for abuse of a family or household member arising out of an incident with complaining witness William Nami (Nami). HRS § 709-906(1) states in pertinent part that, "[f]or the purposes of this section, 'family or household member' means . . . <u>persons jointly residing or formerly residing in the same dwelling unit</u>." (Emphasis added).

When the sufficiency of evidence is challenged on appeal, the test is whether there is substantial evidence to support the conclusion of the trier of fact. <u>See</u> <u>State v. Matavale</u>, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007).

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
>
> > "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable [a person] of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.

<u>Id.</u> (quoting <u>State v. Batson</u>, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992)).

Ackerman contends the family court never found that she and Nami were family or household members. However, Ackerman fails to point to authority that would require the family court to make an explicit finding that Ackerman is a "household member." In addition, when denying Ackerman's oral motion for judgment of acquittal, made by Ackerman after the State rested, the family court rejected Ackerman's argument that the State had not proven that Ackerman was a "family or household member."

Ackerman further argues that the testimony by Officer Paul Mangus (Mangus) should be disregarded because the testimony was presented without a determination of voluntariness as required by HRS § 621-26 (1993 Repl.). HRS § 621-26 states that "[n]o confession shall be received in evidence unless it is first made to appear to the judge before whom the case is being tried that the confession was in fact voluntarily made." Ackerman cites to State v. White, 1 Haw. App. 221, 224, 617 P.2d 98, 101 (1980) and State v. Naititi, 104 Hawai'i 224, 233, 87 P.3d 893, 902 (2004), which have held, in the context of a jury trial, that a trial judge has a duty to determine the admissibility of an inculpatory statement out of the presence of the jury and prior to the jury's exposure to such evidence.

The essential purpose for holding a voluntariness hearing before admitting a defendant's confession is to avoid tainting the jury with evidence that may be found to be inadmissible. See State v. Goers, 61 Haw. 198, 199-201, 600 P.2d 1142, 1143-44 (1979). However, in a bench trial, it is presumed that the trial judge is not influenced by incompetent evidence, State v. Vliet, 91 Hawai'i 288, 298, 983 P.2d 189, 199 (1999), and thus a voluntariness hearing is not required for bench trials, such as in this case. See State v. Filoteo, 125 Hawai'i 240, 257 P.3d 253, No. 29921 2011 WL 2126149, at *4 (App. May 25, 2011) (SDO).

Officer Mangus testified that on August 4, 2007, he was responding to a dispatch of a domestic disturbance and as he was driving down a street, he observed a vehicle heading in his direction. The vehicle stopped and Ackerman got out. Officer Mangus stopped his vehicle and Ackerman approached him. At that point, Ackerman was not a suspect in the reported domestic disturbance. According to Officer Mangus, Ackerman told him that she had been grabbed in the neck by her boyfriend. Officer Mangus had her fill out a domestic violence form. During this

3

time period, Ackerman also stated to Officer Mangus that she had been living at Nami's residence. Officer Mangus testified that, at the time, he could not tell who the initial aggressor was, and that it was not until the end of the investigation and after he questioned complainant Nami, that Ackerman was arrested.

Moreover, even if a determination of voluntariness was appropriate, any error in the family court's failure to make an explicit finding of voluntariness at a separate voluntariness hearing was harmless, as it did not affect Ackerman's substantial rights during this bench trial. The unrebutted evidence in the record shows that Ackerman's statements to Mangus were made voluntarily.

Considering all of the evidence at trial in the strongest light for the prosecution, there was substantial evidence that Ackerman was a "household member" pursuant to HRS § 709-906(1). Officer Mangus testified that Ackerman "stated she had been living at the residence of William Nami." Nami testified that he had been dating Ackerman for about three months and when asked whether he had been living with Ackerman for three or four days, Nami responded: "Something like that. I may be off a day or so, but it was brief. It was short." When asked a second time whether Ackerman had been living with him for three or four days, Nami responded "Yes." During cross-examination, when asked again whether Ackerman had been living at the house, Nami responded that "[s]he was in and out, yeah, for three days." When asked yet again whether Ackerman had been living there, Nami responded, "Well, I don't know, whatever you want to call it. She was there. She was in and out. She would come as she pleased." Nami testified that Ackerman was not getting her mail at the house, and that "[s]he was staying with girlfriends. She actually did have a residence at that time. She was shacking up with another chick." Nami testified that Ackerman had "brought a bag of clothes there in a box. But most of her stuff was at this

other girl's house." Nami testified that he and Ackerman had "woke up [the morning of the incident] together[.]"

There is no expressed minimum time requirement for determining whether persons are "jointly residing or formerly residing in the same dwelling unit." HRS § 709-906(1). In addition, evidence that Ackerman may have also been living elsewhere does not preclude a court from finding that Ackerman was a "household member." In State v. Archuletta, 85 Hawai'i 512, 946 P.2d 620 (App. 1997), this court stated, in relevant part:

> HRS § 709-906(1) requires that the defendant and the victim had, at the time of the offense, past or present, joint residence in the same dwelling unit. "Residence implies something more than mere physical presence and something less than domicile." Black's Law Dictionary 1309 (6th ed. 1990) (citing Petition of Castrinakis, 179 F.Supp. 444, 445 (D.C. Md.)). "'Residence' is not synonymous with 'domicile,' though the two terms are closely related; a person may have only one legal domicile at one time, but he may have more that one residence." Black's Law Dictionary 1309 (6th ed. 1990) (citing Fielding v. Casualty Reciprocal Exchange, 331 So.2d 186, 188 (La. App.)).
>
> . . .
>
> The substantial evidence in the record that, at the time of the abuse, Archuletta had two residences is not a defense. The substantial evidence that one of Archuletta's two residences was Rosewell's dwelling unit at Lehua and Palm is sufficient to support the implicit finding that, at the time of the abuse, Archuletta and Rosewell were "persons jointly residing or formerly residing in the same dwelling unit."

Id. at 514, 946 P.2d at 622 (emphasis added).

Given all of the evidence in this case, we conclude there is substantial evidence that Ackerman was a household member with Nami, thus supporting the family court's conviction of Ackerman under HRS § 709-906(1).

Therefore,

IT IS HEREBY ORDERED THAT the family court's October 28, 2008 judgment is affirmed.

DATED: Honolulu, Hawai'i, October 22, 2012.

On the briefs:

David H. Lawton
(Gallagher & Gallagher)
for Defendant-Appellant

Linda L. Walton
Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge